UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BASILIO ANGULO-LOPEZ,                    )    Case No. C05-483-RSM-JPD
                                         )          (CR90-323R)
        Petitioner,                      )
                                         )
    v.                                   )
                                         )    REPORT AND RECOMMENDATION
UNITED STATES OF AMERICA,                )
                                         )
        Respondent.                      )
_____  )

### INTRODUCTION and SUMMARY CONCLUSION

Petitioner has filed a  28 U.S.C. § 1651 petition for writ of error *audita querela* that seeks relief from his 1990 federal court sentence, which the government opposes.[1]  After carefully reviewing the parties' pleadings and the record, the Court recommends that the petition be dismissed.

### FACTS and PROCEDURAL HISTORY

Petitioner was convicted by a jury in 1990 on several charges stemming from his involvement in an extensive conspiracy to distribute cocaine and heroin.[2]  Case No. 90-CR-

---

[1] The petitioner also filed a motion for appointment of counsel.  Dkt. No. 10.  Because the motion was filed after the briefing on this matter was complete, and because the Court concludes that the petition should be dismissed, the motion is denied.

[2] Specifically, petitioner was convicted of one count of conspiracy to distribute cocaine and heroin, two counts of cocaine distribution, nine counts of possession of cocaine with intent to distribute, five counts of using a firearm during and in relation to a drug trafficking crime, and one count of using a telephone to facilitate a drug trafficking crime.  Case No. 90-CR-383.

REPORT AND RECOMMENDATION
PAGE -1

01  383.  Petitioner appealed to the Ninth Circuit which, in an unpublished decision, affirmed his

02  convictions.  *U.S. v. Angulo-Lopez*, 1993 WL 394835 (9th Cir. 1993).

03       On April 29, 1997, petitioner filed a 28 U.S.C. § 2255 motion to vacate, correct, or set

04  aside his sentence.  Case No. 97-713, Dkt. No. 1.  He filed an amended petition on October,

05  6, 1997.  Dkt. No. 13.  The court granted his amended petition and vacated his convictions on

06  five counts.  Dkt. Nos. 13, 17, 23.  His initial petition, however, was dismissed as being

07  "without merit."  Dkt. Nos. 20, 23, 27.

08       On August 7, 1998, petitioner filed a motion for leave to file a second amended §

09  2255 motion.  Dkt. No 24.  The court denied the motion, as well as a separate motion for a

10  request for a certificate of appealability.  Dkt. Nos. 27, 28, 31.  The Ninth Circuit also denied

11  his request for a certificate of appealability and dismissed petitioner's appeal on December

12  21, 1998.  Dkt. No. 33.

13       On March 3, 1999, petitioner filed a motion to vacate his judgment pursuant to

14  Federal Rule of Civil Procedure 60(b).  Dkt. No. 37.  The court dismissed that motion as

15  well.  Dkt. No. 39.  No appeal was taken.  On March 22, 2005, petitioner filed the 28 U.S.C. §

16  1651 petition for writ of error *audita querela* that is now before the Court.

17                                    CLAIMS FOR RELIEF

18       Petitioner argues that a § 2255 motion will not afford him adequate relief and that a

19  petition for writ of error *audita querela* is therefore the appropriate mode to attack his

20  sentence.  Dkt. Nos. 1-3.  He argues that he is entitled to relief under the recent Supreme

21  Court case of *United States v. Booker*, 125 S. Ct. 738 (2005).  Respondent argues that the

22  petition should be denied because the writ of *audita querela* cannot be used to assert what

23  should have been filed properly as a § 2255 motion.  Dkt. No. 8.  Alternatively, respondent

24  argues that the petition should be characterized as a § 2255 motion and that it should be

25  transferred to the Ninth Circuit Court of Appeals in order to obtain a certification.

26

REPORT AND RECOMMENDATION
PAGE -2

01                                    DISCUSSION

02          At common law, the writ of error *audita querela* was only available to a judgment

03  debtor who sought relief against a judgment or execution when some legal defense or

04  discharge arose after the issuance of the judgment. *Doe v. INS*, 120 F.3d 200, 202 (9th Cir.

05  1997) (internal citations omitted); *see also* Wright and Miller, *Federal Practice and

06  Procedure*, § 2867 at 235 (1973). Hence, the writ of error *audita querela* could be used to

07  attack a judgment that was correct when issued, but later rendered infirm due to some legal

08  defect. *Doe*, 120 F.3d at 203 n. 4 (internal citations omitted).

09          In 1946, amendments to Federal Rule of Civil Procedure 60(b) expressly abolished all

10  common law writs for civil cases, including *audita querela*. Fed. R. Civ. P. 60(b); *U.S. v.

11  Beggerly*, 524 U.S. 38, 44-45 (1998); *Doe*, 120 F.3d at 202. The Supreme Court has

12  nevertheless held that *audita querela* and the other common law writs survive as a way to

13  collaterally attack criminal sentences in very narrow circumstances. *U.S. v. Morgan*, 346

14  U.S. 502, 510-11 (1954); *U.S. v. Gowell*, 374 F.3d 790, 795 n. 3 (9th Cir. 2003).[3] *Audita

15  querela* and the other writs are now available, "only to the extent that they fill gaps in the

16  current systems of post-conviction relief." *U.S. v. Valdez-Pacheco*, 237 F.3d 1077, 1079-80

17  (9th Cir. 2000).

18          Federal prisoners may not, however, employ the writ of *audita querela* to challenge

19  their conviction or sentence when that challenge is cognizable as a § 2255 motion. *Valdez-

20  Pacheco*, 237 F.3d at 1080; *see also U.S. v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992), *U.S.

21  v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). In such cases, there is simply no "gap" in the

22  post-conviction remedies that needs to be filled. *Id.* The Ninth Circuit has specifically held

23  that *audita querela* is not available to federal prisoners merely because the Antiterrorism and

24  Effective Death Penalty Act of 1996 ("AEDPA") prevents them filing a second or successive

25  § 2255 motion. *Valdez-Pacheco*, 237 F.3d at 1080. Rather, "[a] prisoner may not

26  _____

        [3] Some courts have challenged whether *audita querela* survives at all. *See Doe*, 120 F.3d
    at  204 & n. 5 (collecting cases).

REPORT AND RECOMMENDATION
PAGE -3

01  circumvent valid congressional limitations on collateral attacks by asserting that those very

02  limitations create a gap in the post-conviction remedies that must be filled by the common

03  law writs." *Id.* (internal citations omitted).  In such cases, the writ should be denied.  *Id.*

04      Petitioner's challenge in this case is plainly cognizable in a § 2255 motion.  Indeed,

05  the face of the petition indicates that he seeks relief in the form of a "correction" of his

06  federal court sentence under *U.S. v. Booker.*  Dkt. No. 1.  This is precisely what a § 2255

07  motion is designed to accomplish.  The fact that petitioner has labeled this a petition for writ

08  of *audita querela* does not change its actual substance.  Moreover, the fact that AEDPA may

09  bar petitioner from filing a second or successive § 2255 petition does not render *audita*

10  *querela* the proper vehicle for his claims.

11      *Valdez-Pacheco* is a case that presents a nearly identical factual scenario to that

12  presented here.  In *Valdez-Pacheco*, a federal prisoner convicted on drug charges challenged

13  his sentence by filing a § 2255 motion.  The Court denied his motion and a subsequent § 2255

14  motion as well.  *Id.*  Petitioner then attempted to file what he called a petition for writ of

15  *audita querela* under 28 U.S.C. § 1651, which the district court denied.  The Ninth Circuit

16  affirmed the denial, because the writ sought relief cognizable under § 2255.  The fact that

17  petitioner's claims were barred by AEDPA's ban on second or successive petitions could not

18  cure that defect.  *Valdez-Pacheco*, 237 F.3d at 1080.  The facts before the Court today require

19  the same result.

20      Because the Court concludes that a petition for writ of error *audita querela* is not the

21  proper vehicle for petitioner to raise his claims, the Court does not reach the merits of his

22  arguments.  *See Valdez-Pacheco*, 237 F.3d at 1080.

23

24

25

26

REPORT AND RECOMMENDATION
PAGE -4

<u>CONCLUSION</u>

The Court recommends that the petition be dismissed.  A proposed order accompanies this Report and Recommendation.

DATED this 8th day of September, 2005.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -5